**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION:  DAYTON**

| | |
|---|---|
| MIAMI VALLEY HOSPITAL and GOOD SAMARITAN HOSPITAL, <br><br>          Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>          Defendant. | Case No. : 3:14-cv-147 |

**COMPLAINT OF PLAINTIFFS**
**MIAMI VALLEY HOSPITAL AND GOOD SAMARITAN HOSPITAL**

Plaintiffs, Miami Valley Hospital ("MVH") and Good Samaritan Hospital ("GSH"), for their respective claims and Complaint against Defendant, the United States of America ("Defendant"), allege as follows:

1.  MVH and GSH seek in this civil action to recover sums of additional *statutory interest* from Defendant on overpayments of employer-portion FICA tax (Form 941) refunded to MVH and GSH in 2012 and 2013 by the Internal Revenue Service ("IRS").   As further explained below, the claims asserted by MVH and GSH in this action arise under §§ 6611 and 6621 of the Internal Revenue Code of 1986 (26 U.S.C.) ("Code") as amended.

2.  MVH and GSH are teaching hospitals that were organized in Ohio and conduct their principal operations in Dayton, Ohio, located within the judicial district of the Southern District of Ohio, Western Division (Dayton).

3.  MVH and GSH each are now, and at all times pertinent to this action have been, organized and operated as Ohio nonprofit corporations that were and are exempt from federal income tax pursuant to § 501(a) and § 501(c)(3) of the Code.

4.  Defendant has waived its sovereign immunity from suit by way of § 6611 of the Code. In addition, under controlling precedent set out in *E.W. Scripps v. United States,* 420 F.3d 589 (6th Cir. 2005), Defendant waived its sovereign immunity from suit in 28 U.S.C. § 1346(a)(1).

5.  This Court has original and subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and, under the *E.W. Scripps* case, 1346(a)(1).

6.  The United States of America is a proper defendant in this action and may be sued in this Court.

7.  Pursuant to Federal Rule of Civil Procedure 20(a)(1)(B), and as indicated by the averments of paragraphs 8 through 11, below,  MVH and GSH are properly joined as Plaintiffs in this action because questions of law and fact common to both Plaintiffs will arise in this action.

8.  In June and October 2012, and in January and June 2013, MVH received from the IRS refunds of overpaid employer-portion FICA tax (Form 941).  The amounts of tax so refunded pertained to the following 41 taxable quarters:  each of the four taxable quarters in the years 1995 through 2004, and the first taxable quarter in the year 2005.   The refunds of tax were allowed pursuant to the IRS's announcement in IR-2010-25 (Mar. 2, 2010), a copy of which is attached as Exhibit A.  IR-2010-25, and its implementing guidance (*see* Exhibits B and C, attached),  authorized refunds or credits of FICA tax to employers, like MVH, that had timely filed administrative claims seeking and supporting a refund of FICA tax paid on medical-resident stipends for quarters ending before April 1, 2005.  The implementing guidance stated that

2

interest would be paid on the refunds or credits allowed.  For the 41 quarters identified above, and to implement the directive of IR-2010-25, the IRS refunded MVH an aggregate of $3,097,624.56 in overpaid employer-portion tax; and in partial implementation of that directive paid MVH an aggregate of $1,784,160.53 in statutory interest on that overpaid tax.

9.  The statutory interest so paid to MVH was apparently computed by IRS under § 6621(a)(1) of the Code using the interest rate specified for a "corporation."  It was erroneous for the IRS to treat MVH, an Ohio not-for-profit corporation that was and is exempt from federal income tax pursuant to § 501(a) and § 501(c)(3) of the Code, as a "corporation" for purposes of § 6621(a)(1).  The term "corporation" as used in § 6621(a)(1) addresses for-profit, "C corporations" and does not encompass organizations that are tax-exempt under § 501(a) and § 501(c)(3).  This erroneous IRS treatment of MVH resulted in statutory interest being paid to MVH at a lower, non-standard rate.  MVH was, however, entitled by law to be paid statutory interest at the higher, standard rate provided for taxpayers, like MVH, that are not "corporations" for purposes of § 6621(a)(1).  If the standard -- and correct -- interest rate had been used in the IRS's computation, as required by § 6621(a)(1), MVH would have been paid an estimated $1,602,631.23 more in statutory interest on its refunds of overpaid employer-portion FICA tax.

10.  In June, October, November, and December 2012, GSH received from the IRS refunds of overpaid employer-portion FICA tax (Form 941).  The amounts of tax so refunded pertained to the following taxable quarters:  each of the four taxable quarters in the years 1995 through 2004, and the first taxable quarter in the year 2005.  The refunds of tax were allowed pursuant to the IRS's announcement in IR-2010-25 (Mar. 2, 2010), a copy of which is attached as Exhibit A.  IR-2010-25, and its implementing guidance (*see* Exhibits B and C, attached), authorized refunds or credits of FICA tax to taxpayers, like GSH, that had timely filed

3

administrative claims seeking and supporting a refund of FICA tax paid on medical-resident stipends for taxable quarters ending before April 1, 2005. The implementing guidance stated that interest would be paid on the refunds or credits allowed. For the 41 quarters identified above, and to implement the directive of IR-2010-25, the IRS refunded GSH an aggregate of $2,836,939.81 in overpaid employer-portion tax; and in partial implementation of that directive paid GSH an aggregate of $1,468,090.15 in statutory interest on that overpaid tax.

11. The statutory interest so paid to GSH was apparently computed by IRS under § 6621(a)(1) of the Code using the rate specified for a "corporation." It was erroneous for the IRS to treat GSH, an Ohio not-for-profit corporation that was and is exempt from federal income tax pursuant to § 501(a) and § 501(c)(3) of the Code, as a "corporation" for purposes of § 6621(a)(1). The term "corporation" as used in § 6621(a)(1) addresses for-profit, "C corporations" and does not encompass organizations that are tax-exempt under § 501(a) and § 501(c)(3). This erroneous IRS treatment of GSH resulted in statutory interest being paid to GSH at a lower, non-standard rate. GSH was, however, entitled by law to be paid statutory interest at the higher, standard rate provided for taxpayers, like GSH, that are not "corporations" for purposes of § 6621(a)(1). If the standard -- and correct -- interest rate had been used in the computation, as required by § 6621(a)(1), GSH would have been paid or credited an estimated $1,193,654.89 more in statutory interest on its refunds of overpaid employer-portion FICA tax.

12. To the extent that Defendant relies upon the Treasury Regulations set out in T.D. 8697, 61 Fed. Reg. 66584 (Dec. 18, 1996), *reprinted at* 1997-1 C.B. 215, those regulations are entitled to no deference and in this context should be set aside, under controlling case law, under 15 U.S.C. § 706(2), or both, because the Treasury Regulations, as applied to MVH and GSH, are: incoherent; unauthorized under former § 7805(b) and current § 7805(a) of the Code;

4

improperly promulgated; and invalid under Steps One and Two of *Chevron U.S.A. Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837 (1984).

13. To date, neither MVH nor GSH has been credited with or paid any of the additional statutory interest that should have been (but was not) paid by the IRS, in conjunction with the refunds of tax described above, pursuant to the requirements of § 6621(a)(1) of the Code.

THEREFORE:

(a) Plaintiff MVH: demands judgment in its favor, and against Defendant, for the sum of $1,602,631.23 in statutory interest, or such greater amount as may be determined to be due, plus pre-judgment statutory interest thereon as provided by law, plus post-judgment interest as provided by law; demands court costs as allowed by law; and requests such other and further relief as may be appropriate; and, in addition,

(b) Plaintiff GSH: demands judgment in its favor, and against Defendant, for the sum of $1,193,654.89 in statutory interest, or such greater amount as may be determined to be due, plus pre-judgment statutory interest thereon as provided by law, plus post-judgment interest as provided by law; demands court costs as allowed by law; and requests such other and further relief as may be appropriate.

Dated: May 13, 2014

Respectfully submitted,
___s/ Dale E. Creech, Jr.____ _____
Dale E. Creech, Jr.
System Vice President, Chief Legal Officer, and
  Corporate Secretary
Premier Health Partners
110 North Main Street, Suite 900
Dayton, OH  45402
Telephone:  (937) 499-9710
Email:  decreech@premierhealth.com
Ohio Bar Reg. No. 0007948
*Trial Attorney for Plaintiffs*

Thomas D. Sykes
Gould & Ratner LLP
222 N. LaSalle Street, Suite 800
Chicago, Illinois  60601
Telephone:  (312) 236-3003
Fax:  (312) 236-3241
Email:  tsykes@gouldratner.com
IL Bar. Reg. No. 6277011
(Motion for Admission *Pro Hac Vice* Pending)
*Co-Counsel for Plaintiffs*

4817-9328-2074, v.  1